(5 Misc. Rep. 293.)

In re HOWARD.

(Surrogate's Court, Westchester County. October, 1893.)

TESTAMENTARY GUARDIAN—POWER TO APPOINT.

Under Laws 1893, c. 175, providing that a wife shall be a joint guardian of her children, with her husband, and that on the death of either the survivor may, by deed or will, appoint a guardian, the right of appointment belongs only to a surviving parent.

Application by Annie W. Howard for letters of guardianship of her infant children, by virtue of her appointment as such by the will of her deceased husband. Denied.

Oliver W. Beals, for petitioner.

COFFIN, S. There can be no doubt but that the widow would be entitled to the letters by virtue of her appointment by the will, were it not rendered more than doubtful by reason of a recent act of the legislature. A brief history of comparatively modern legislation conferring the power to appoint guardians by will or deed may not be uninteresting. Following an English statute on the subject, it was, by the Revised Laws of 1813, (volume 1, p. 368, § 18,) provided that the father of a minor child should have power to appoint by will a guardian for such child during minority. The same provision was substantially incorporated into 2 Rev. St. p. 150, § 1, as follows: "Every father, whether of full age or a minor, of a child likely to be born, or of any living child under the age of twenty-one years, and unmarried, may by his deed or last will, duly executed, dispose of the custody and tuition of such child during its minority, or for any less time, to any person or persons in possession or remainder." This continued to be the law until 1860, when, as supplemental to the acts conferring certain rights upon married women, it was enacted "that every married woman is hereby constituted and declared to be the joint guardian of her children, with her husband, with equal powers, rights and duties in regard to them, with the husband." Laws 1860, c. 90, § 9. This was repealed by Laws 1862, c. 172, § 2, where it was provided by section 6 that "no man shall create * * * any testamentary guardian" for his child, "unless the mother, if living, shall, in writing, signify her assent thereto."

Again, in 1871, (Sess. Laws, c. 32,) the above first section of the Revised Statutes was amended, restoring the sole right of appointing a testamentary guardian to the father, except that, in case he should die without having exercised the right, then the right was conferred upon the mother, and thus, in effect, repealing the section of the act of 1862. Thomson v. Thomson, 55 How. Pr. 494. In 1893, however, (Sess. Laws, c. 175,) the section of the Revised Statutes referred to was again amended so as to constitute the wife joint guardian of her children with her husband, and then, upon the death of either father or mother, the survivor may, by deed or will, appoint such guardian. This repeals, by implication, the act of 1871, under the authority of Thomson v. Thomson, 55 How. Pr. 494. It would, therefore, seem that the survivor, only, can appoint the guardian by will. If, then, the husband attempt to exercise such power, and die leaving his wife surviving, as in this case, the attempt will be frustrated, and she will become the sole depository of the power, and so vice versa. It is not now a joint right, but subsists only in the survivor. The fact that the will was executed in 1889, when the statute then in force authorized him to make such appointment, cannot avail to render it valid, as against the act of 1893. That became a law on the 22d day of March, and he died in June following. The well-established rule is that the will speaks as of the date of the death of the testator, unless there be some clear expression showing a contrary intention that it is, or that some of its provisions are, to take effect at an earlier period. Here we find no such intention. On the contrary, the provision is such that it could only have been intended to take effect at the death of the testator. The effect of the present law is to deprive the husband of the power to appoint by will his surviving wife guardian of their minor children. We are not called upon to discuss its wisdom. Letters refused.